295-10

STATE OF MAINE
PENOBSCOT, SS:

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-D9-218

MIDFIRST BANK,                              )
                                            )
Plaintiff                                   )
                                            )
v.                                          )
                                            )
ISAAC P. MORAN,                             )    **JUDGMENT OF FORECLOSURE AND**
and                                         )    **SALE**
TAMMY E. MORAN,                             )
                                            )    185 Center St., Brewer, Maine
Defendants                                  )
                                            )    Mortgage Recorded in Book 9887, Page 30
and                                         )
                                            )
BROOKINGS-SMITH FUNERAL HOME,               )
and                                         )
MAINE REVENUE SERVICES                      )
                                            )
Parties-in-Interest                         )

Upon Motion for Summary Judgment filed by Plaintiff in connection with its Complaint

for Foreclosure by Civil Action and in consideration of the pleadings, affidavits, admissions

and/or deemed admissions of record, it appearing that there is no genuine issue as to any material

fact, Plaintiff is entitled to judgment on its Complaint. The Court finds as follows:

1.    Defendant has breached the conditions of Plaintiff's mortgage originally in favor of

      Mortgage Electronic Registration Systems, Inc as Nominee for First Horizon Home Loan

      Corporation and recorded in Penobscot County Registry of Deeds in Book 9887, Page 30;

      by assignment subsequently undertaken, to MidFirst Bank and recorded in said Registry

      of Deeds in Book 11938, Page 69, and corrected by corrective assignment recorded in

      Book11986, Page 179, entitling Plaintiff to a Judgment of Foreclosure regarding the

premises described therein, also as described in attached Exhibit A hereto and incorporated herewith.

2. As of August 25, 2009, there is due and owing Plaintiff on its said mortgage from Defendant the following:

a. Principal balance of $147,072.29;
b. Accrued interest in the amount of $5,882.88;
c. Per diem interest in the amount of $24.18;
d. Anticipated Attorneys fees and expenses of $2,196.38;
e. Late Charges in the amount of $1,248.41;
f. Pro Rata MIP/PMI in the amount of $49.34;
g. Escrow balance in the amount of $2,193.20;
h. Pending Expenses/Fees in the amount of $30.00;
i. Other including property preservation and inspection in the amount of $2,704.00;
j. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage up to and including the date of redemption or sale.

WHEREFORE, it is hereby Ordered and Decreed that a Judgment of Foreclosure and Order of Sale is hereby entered in favor of Plaintiff, against Defendants, their successors, heirs and assigns, and if Defendants do not pay to Plaintiff the amounts adjudged to be due under Plaintiff's mortgage dated May 25, 2005, as set forth in paragraph 1 above, the balance of which is set forth in paragraph 2 above, with interest accruing thereon and costs as set forth in paragraph 2 above within ninety (90) days from the date of entry hereof, then Plaintiff shall sell Defendant's real estate free and clear of all liens and encumbrances pursuant to 14 M.R.S.A. §6321, et seq. It is ordered that Plaintiff cause notice of public sale of the premises to be republished once in each of three (3) successive weeks and shall hold said sale not less than thirty (30) days nor more than (45) days after the first date of that publication, all as according to Title 14 M.R.S.A. §6323 and shall disburse the proceeds of such sale in the following amounts and priorities:

a.   The first $161,376.50, plus $24.18 per day after August 25, 2009, plus additional attorneys' fees, additional late charges, real estate taxes, costs, expenses of sale and amounts advanced to protect the security of Plaintiff's mortgage up to and including the filing of the report of disbursement of foreclosure sale proceeds and any objections thereto, to the Plaintiff, MidFirst Bank;

b.   $4,616.07, plus interest to Party-in-Interest Brookings-Smith Funeral Home;

c.   $678.07, plus interest to Party-in-Interest Maine Revenue Services;

d.   Any remaining funds to Defendants.

Judgment and execution shall enter and issue against Defendants for any deficiency, provided that the statutory requirements are met. Provided, however, that in the event that Defendants have either currently filed for protection or have been discharged under the provisions of the U.S. Bankruptcy Code then no judgment or execution shall issue against Defendants for any deficiency.

In the event Defendants have not redeemed within the ninety (90) day period as aforesaid and have not vacated the premises, Defendants are ordered to vacate the premises. Plaintiff is granted exclusive possession of the real estate and a Writ of Possession shall issue upon request of Plaintiff, its successors or assigns.

All parties have been properly served and given notice of the proceedings giving rise to this judgment in accordance with the applicable provisions of the Maine Rules of Civil Procedure and if notice has been served or given pursuant to an order of the Court, including service by publication, then that notice has been served or given pursuant to such order.

The names and address of all parties to the action, including counsel of record insofar as they are known to the Court are as follows:

Defendant:    Isaac P. Moran and Tammy E. Moran; 185 Center St., Brewer, ME 04401

Party-in-Interest:    Brookings-Smith Funeral Home
c/o Charles F. Budd, Jr., Esq., P.O. Box 1401 Bangor, ME 04402-1401

Party-in-Interest:    Maine Revenue Services
c/o Pamela W. Waite, Esq., 6 House Station, Augusta, ME 04333

Plaintiff:    MidFirst Bank
c/o David E. Stearns, Esq.; P.O. Box 2412, South Portland, ME 04116-2412

Acceptance of partial payment of the Defendants' indebtedness and application to the Defendants' indebtedness of any funds or proceeds, including, without limitation, any insurance proceeds, rents or profits from the property or realization of proceeds from the exercise of rights

under Article 9 of the Uniform Commercial Code at any time before or after the date of this judgment, does not and shall not constitute a waiver of any of Plaintiff's rights in this action or as set forth in this judgment.

Plaintiff's counsel may cause an attested copy of this judgment to be recorded in the Registry of Deeds in the county or counties in which the subject property is located and Plaintiff shall be responsible for costs(s) of recordation.

The Clerk is specifically directed pursuant to Rule 79(a) of the Maine Rules of Civil Procedure to enter this Order on the civil docket by notation incorporating it by reference.

Dated: _____10/7/10_____          _____

                                         Superior Court Justice
                                         Kirk Studstrup

ENTERED ON:___10/8/10_____

## CERTIFICATE BY THE CLERK

I, _____, Clerk of the Penobscot County Superior Court, pursuant to 14 M.R.S.A. §2401 (3)(F) as amended, do hereby certify that the applicable time period for appeal from the above Judgment of Foreclosure and Order of Sale has expired without action.

_____

## EXHIBIT A

A certain lot or parcel of land, together with any buildings and improvements thereon, situate in Brewer, Penobscot County, Maine, bounded and described as follows: Beginning at the intersection at the westerly line of Center Street and the southerly line of Howard Street; thence westerly by said line of Howard Street sixty (60) feet, more or less, to the lot conveyed by Francis A. Conner to Sarah J. Hall, by deed dated March 8, 1864, recorded in Penobscot Registry of Deeds, Book 335, Page 136; thence southerly by said Conner Lot sixty eight (68) feet, more or less, to the line of the lot conveyed by Frank C. Patten to Hattie Drinkwater by deed dated January 29, 1918, recorded in said Registry, Book 896, Page 495; thence easterly by said last mentioned line sixty (60) feet, more or less, to said Center Street; thence northerly by said Center Street sixty eight (68) feet, more or less, to the point of beginning.

ALSO a certain lot or parcel of land situate in said Brewer, bounded and described as follows: Beginning in the westerly line of Center Street at the southeasterly corner of the land above described and conveyed; thence southerly by the westerly line of Center Street twenty five (25) feet, more or less, to a stake; thence westerly along the dividing line between the lot hereby conveyed and land formerly occupied by Abbie M. McLaughlin sixty five (65) feet, more or less, to land formerly of Freeland L. Harlow; thence northerly by said Harlow land twenty five (25) feet, more or less, to the southwesterly corner of the land first above described and conveyed; thence easterly by the southerly line of the land first above described and conveyed sixty five (65) feet, more or less to the point begun at.

Any and all other rights, easements, privileges and appurtenances belonging to the granted estate are hereby conveyed.

PENOBSCOT COUNTY, MAINE

*Susan F. Bulay*
Register of Deeds